UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN PAUL RUSSELL,
                Plaintiff,

v.                              Case No. 06-12722

                                 HON. AVERN COHN

FLEXIBLE PRODUCTS COMPANY,
GLENN REID, DOUG REID, PAUL
GALLAGHER,

                Defendants.
_____/

## ORDER OF DISMISSAL

I.

Plaintiff Kevin Paul Russell, proceeding <u>pro se</u> has filed a complaint naming Flexible Products Company, Glenn Reid, Doug Reid, and Paul Gallagher as defendants. Plaintiff has been granted permission to proceed without payment of the filing fee.

For the reasons which follow, the Court shall dismiss plaintiff's complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

II.

The screening procedures established by § 1915 apply to complaints filed by non-prisoners and prisoners. <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 604 (6th Cir. 1997). Section 1915(e)(2) allows the Court to dismiss a complaint at any time if it determines that the case is frivolous or malicious, that the plaintiff fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from such relief. A complaint "is frivolous where it lacks an arguable basis either in law

1

or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

### III.

The Court has read the complaint. From what can be gleaned, plaintiff was employed by Flexible Products Company. Plaintiff alleges that defendants verbally promised to promote him to a managerial position. Plaintiff says he suffered a "mental breakdown" as a result of having to wait for defendants to make the promotion official which resulted in him having to take a medical leave. Upon his return to work, defendants did not assign him to the position he had been promised and instead assigned him to a manual laborer position.

Although plaintiff's complaint appears to claim some form of disability discrimination, he cites to no law, state or federal, to support his claim. As such, the Court cannot discern the basis for federal jurisdiction, much less the basis for the complaint. Accordingly, the complaint is DISMISSED as frivolous pursuant to §1915(e)(2). In light of this disposition, the Court certifies that any appeal would also be frivolous. 28 U.S.C. § 1915(e)(2).

SO ORDERED.

Dated: June 27, 2006         s/Avern Cohn
                             AVERN COHN
                             UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 27, 2006, by electronic and/or ordinary mail.

                             s/Julie Owens
                             Case Manager, (313) 234-5160